```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     ASHEVILLE DIVISION
                      1:09CV417-MU-02
```

| | |
|---|---|
| **JOHN LAMONT LEWIS,** )<br>)<br>  Petitioner, )<br>)<br>  v. )<br>)<br>**HERB JACKSON, Supt.,** )<br>)<br>  Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, filed November 13, 2009. For the reasons stated herein, the Court finds that the instant Petition must be <u>dismissed without prejudice</u> for Petitioner's failure to exhaust his State remedies on his proposed claims.

According to his Petition, a Buncombe County jury convicted Petitioner of two counts of assault on a government official with a deadly weapon, and on one count of possession of marijuana. On March 22, 2007, the Superior Court of Buncombe County sentenced Petitioner to a total term of 42 to 52 months imprisonment. Petitioner directly appealed his case, raising five claims which he does not raise herein.[1] Upon it's review, however, the North

---

[1] On appeal, Petitioner argued that the trial court erred by: (1) denying his motion for mistrial; (2) admitting certain exhibits into evidence without proper authentication; (3) denying his motion to dismiss the drug charge; (4)

Carolina Court of Appeals found no error and rejected all of Petitioner's claims. See North Carolina v. Lewis, 671 S.E. 2d 595 (N.C.App. Dec. 16, 2008) (unpublished). Next, Petitioner filed a "notice of appeal" from the North Carolina Court of Appeals' decision, by which Petitioner reportedly attempted to raise a different claim from any of those raised on direct appeal. However, that appeal was "[d]ismissed ex mero motu" by the State Court of Appeals. North Carolina v. Lewis, 363 N.C. 378, slip op. at 1 (June 17, 2009) (unpublished).

Thereafter, Petitioner did not petition the United States Supreme Court for a writ of certiorari. Petitioner also did not seek any collateral review in State Court. Instead, Petitioner has come to this Court on the instant Petition attempting to raise three claims for this Court's review.[2] However, careful review of this matter reflects that Petitioner's claims are not exhausted and therefore cannot be entertained by this Court.

Indeed, it is well settled that absent a valid excuse -- at which Petitioner has not even hinted here -- a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. §2254(b). A petitioner

---

denying his motion to dismiss the assault charges; and (5) entering judgment upon a verdict which was not supported by sufficient evidence. North Carolina v. Lewis, 671 S.E.2d 595, slip op at 1 (Dec. 16, 2008) (unpublished).

[2]Currently, Petitioner argues that he falsely was accused and convicted and his conviction was obtained in violation of his rights under the constitutions of the United States and the State of North Carolina; that the jury instructions were erroneous; and that he was subjected to ineffective assistance of counsel.

satisfies the exhaustion requirements by giving the state courts a fair opportunity to act on his claims, and by presenting such claims to all appropriate state courts. 28 U.S. C. §2254(c); O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999) (noting that a petitioner must "invoke one complete round of the State's established appellate review process," thereby giving the State court a fair opportunity to act on his claims). Adequate presentation of claims involves presenting "the substance of [the] claims during state proceedings, including citing the applicable federal rule and describing the relevant facts involved in the claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); George v. Angelone, 100 F.3d 353, 362 (4th Cir. 1996); accord Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

Presentation of claims to all appropriate courts involves adequately presenting the subject claims to the state's highest court on either direct or collateral review. O'Sullivan, 526 U.S. at 844. Thus, on direct appeal, claims which are not raised in a petition for discretionary review and presented to the highest state court with jurisdiction to review those matters simply are not exhausted. Id. at 839-40.

Here, as previously has been noted, Petitioner did not raise either of his current claims in his direct appeal. Nor did Petitioner raise these claims in a petition for discretionary review before the State Supreme Court. In fact, Petitioner did not even file a petition for discretionary review. Similarly,

Petitioner did <u>not</u> present these claims in a collateral proceeding.

Based upon the foregoing, then, it appears that Petitioner's claims all are unexhausted as he never has undergone a full round of either direct or collateral review with any claim. Furthermore, it appears that Petitioner can return to the State court and exhaust his claims by invoking a full round of collateral proceedings; and that this Court's dismissal of the instant Petition will not impair his ability to obtain federal relief, so long as Petitioner promptly returns to this Court following the conclusion of those proceed-ings. Therefore, this case will be <u>dismissed</u> without prejudice to Petitioner's right to return to this Court and re-file his claims after they have been exhausted.

**NOW, THEREFORE, IT IS ORDERED** that Petitioner's Petition for a Writ of <u>Habeas Corpus</u> is **DISMISSED without prejudice.**

The Clerk shall send a copy of this Order to Petitioner and to the North Carolina Attorney General.

**SO ORDERED.**

Signed: November 17, 2009

Graham C. Mullen
United States District Judge